UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL HASH, | ) | |
| | ) | |
| Plaintiff, | ) | **ANSWER** |
| | ) | |
| v. | ) | Civil Action No.: 3:12-CV-00065 |
| | ) | |
| GARY CLOSE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Defendant James Mack ("Mack" or "the defendant") comes, by counsel, and for his

Answer to the plaintiff's Complaint he states as follows:

### INTRODUCTION

1.      With respect to the allegations contained in paragraph 1 of the Complaint, the

defendant admits only that the plaintiff was convicted of the murder of Thelma Scroggins in the

Circuit Court of Culpeper County in February 2001, was sentenced to prison, was incarcerated

for a period of years, and recently was released pursuant to an Order entered by Judge James C.

Turk, Sr. ("Judge Turk").  The defendant denies the remaining allegations contained in paragraph

1.

2.      With respect to the allegations contained in paragraph 2 of the Complaint, the

defendant denies that he engaged in any of the alleged misconduct described in paragraph 2, and

he denies any personal knowledge of anyone else engaging in any such alleged misconduct.  The

defendant denies all allegations contained in paragraph 2 not expressly admitted herein.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, the

defendant avers that Judge Turk's opinion speaks for itself, and the defendant denies all

allegations contained in paragraph 3 that differ from, contradict, or otherwise are inconsistent

with the contents of said opinion. The defendant denies that he engaged in any "police misconduct" in connection with the plaintiff's arrest and conviction, and he denies any personal knowledge of anyone else engaging in such alleged misconduct. The defendant denies all allegations contained in paragraph 3 not expressly admitted herein.

4. The defendant denies the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION

5. The allegations contained in paragraph 5 of the Complaint consist only of legal conclusions to which a response by the defendant is not required. However, to the extent that a response is deemed required, the defendant admits the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 of the Complaint consist only of legal conclusions to which a response by the defendant is not required. However, to the extent that a response is deemed required, the defendant admits the allegations contained in paragraph 6.

## VENUE

7. The allegations contained in paragraph 7 of the Complaint consist only of legal conclusions to which a response by the defendant is not required. However, to the extent that a response is deemed required, the defendant admits the allegations contained in paragraph 7 as to this defendant.

## JURY DEMAND

8. The allegations contained in paragraph 8 of the Complaint consist only of a demand by the plaintiff for a jury trial, to which a response by the defendant is not required.

## PARTIES

9. Upon information and belief, the defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     With respect to the allegations contained in paragraph 10 of the Complaint, the defendant admits only that Defendant Gary Close ("Close") was the Commonwealth's Attorney for Culpeper County at the time of the plaintiff's arrest and trial; that Close was involved in the investigation and trial of the plaintiff; and that Close stepped down from office last year.  The defendant denies all allegations contained in paragraph 10 not expressly admitted herein.

11.     The defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     The defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     The defendant admits the allegations contained in paragraph 13 of the Complaint.

14.     The defendant admits the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint consist only of legal conclusions to which a response by the defendant is not required.  However, to the extent that a response is deemed required, the defendant admits the allegations contained in paragraph 15.

16.     With respect to the allegations contained in paragraph 16 of the Complaint, the defendant admits only that during the investigation, Defendant Paul Carter ("Carter") stated that he had shared a cell block with the plaintiff at the Albemarle-Charlottesville Regional Jail during which time the plaintiff made statements that implicated the plaintiff in the murder of Thelma Scroggins ("Scroggins"); that Carter testified during the plaintiff's criminal trial; and that Carter subsequently sought, and was granted, a reduced sentence, in part, because of the information he furnished in the plaintiff's criminal case.  The defendant denies that he conspired with Carter or anyone else.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 16.

**FACTS**

17.     The defendant admits the allegations contained in paragraph 17 of the Complaint.

18.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 18 of the Complaint.

19.     With respect to the allegations contained in paragraph 19 of the Complaint, the defendant admits only that Lieutenant David Carter ("Lt. Carter") was assigned the investigation of the Scroggins murder until he retired and that during that time, Lt. Carter did not make any arrests.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 19.

20.     The defendant admits the allegations contained in paragraph 20 of the Complaint and avers that Sheriff Lee Hart ("Sheriff Hart") prioritized the Scroggins murder and the only other unsolved murder in the County during his political campaign.  The defendant denies all allegations contained in paragraph 20 not expressly admitted herein.

21.     With respect to the allegations contained in paragraph 21 of the Complaint, the defendant admits only Sheriff Hart assigned the Scroggins murder investigation to Defendant Scott Jenkins ("Jenkins") as the lead investigator; that the defendant was assigned to assist Jenkins with the investigation; and that at the time of the assignment, the defendant never had participated in a homicide investigation.  The defendant avers that the transcript of Jenkins' testimony speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 21 that differ from, contradict, or otherwise are inconsistent with the contents of said transcript.  The defendant denies all allegations contained in paragraph 21 not expressly admitted herein.

22.     With respect to the allegations contained in paragraph 22 of the Complaint, the defendant admits only that Defendant Calvin Bruce Cave ("Cave") was the supervisor of Jenkins and the defendant.  The defendant avers that the transcript of Jenkins' testimony speaks for itself,

and the defendant denies any allegations and/or recitation contained in paragraph 22 that differ from, contradict, or otherwise are inconsistent with the contents of said transcript.  The defendant denies all allegations contained in paragraph 22 not expressly admitted herein.

23.     The defendant admits the allegations contained in paragraph 23 of the Complaint.

24.     The defendant avers that the alleged 2010 sworn statement of Jenkins' speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 24 that differ from, contradict, or otherwise are inconsistent with the contents of sworn statement.   The defendant denies all allegations contained in paragraph 24 not expressly admitted herein.

25.     With respect to the allegations contained in paragraph 25 of the Complaint, the defendant admits only that when the Scroggins murder investigation was assigned to Jenkins and the defendant, one of the first witnesses interviewed was Jeff Hash, who suggested that Jenkins and the defendant should talk to Alesia Shelton ("Shelton") and that Shelton is a relative of the plaintiff.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 25.

26.     With respect to the allegations contained in paragraph 26 of the Complaint, the defendant admits only that Shelton and her boyfriend were arrested and convicted of a crime arising out of the shooting of a male in Culpeper County and that Jenkins and the defendant interviewed Shelton during the Scroggins murder investigation because Jeff Hash suggested that they do so.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 26.

27.     With respect to the allegations contained in paragraph 27 of the Complaint, the defendant admits only that Jenkins and the defendant interviewed Shelton in approximately March of 2000.  The defendant avers that the recording of the interview speaks for itself, and the

defendant denies any allegations and/or recitation contained in paragraph 27 that differ from, contradict, or otherwise are inconsistent with the contents of said recording. The defendant denies all allegations contained in paragraph 27 not expressly admitted herein.

28. With respect to the allegations contained in paragraph 28 of the Complaint, the defendant admits only that during their interview of Shelton, a break was taken during which Shelton stepped outside to smoke a cigarette and that, therefore, any conversation that occurred between the defendant and Shelton during that time was not recorded. The defendant avers that the recording of the interview speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 28 that differ from, contradict, or otherwise are inconsistent with the contents of said recording. The defendant denies all allegations contained in paragraph 28 not expressly admitted herein.

29. With respect to the allegations contained in paragraph 29 of the Complaint, the defendant admits only that Shelton underwent a polygraph examination administered by the Virginia State Police in approximately March or April 2000. The defendant avers that the document containing the results of said polygraph examination speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 28 that differ from, contradict, or otherwise are inconsistent with the content of said document. The defendant further avers that the transcript of any testimony or statement previously given by Special Agent Carwile ("Carwile") speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 29 that differ from, contradict, or otherwise are inconsistent with the content of any such statement or transcript. The defendant denies all allegations contained in paragraph 29 not expressly admitted herein.

30.     With respect to the allegations contained in paragraph 30 of the Complaint, the defendant admits only that prior to Shelton's statement, there was no evidence directly implicating the plaintiff in the Scroggins murder.  The defendant denies all allegations contained in paragraph 30 not expressly admitted herein.

31.     With respect to the allegations contained in paragraph 31 of the Complaint, the defendant admits only that, based upon their interview of Shelton, Jenkins and the defendant next interviewed Eric Weakley ("Weakley") on several occasions.  The defendant avers that that the recording of the interview speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 31 that differ from, contradict, or otherwise are inconsistent with the contents of said recording.  The defendant denies all allegations contained in paragraph 31 not expressly admitted herein.

32.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 32 of the Complaint.

33.     The defendant avers that Weakley's alleged sworn statement speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 33 that differ from, contradict, or otherwise are inconsistent with the contents of said statement.   The defendant denies all allegations contained in paragraph 33 not expressly admitted herein.

34.     With respect to the allegations contained in paragraph 34 of the Complaint, the defendant admits that Weakley eventually implicated himself and the defendant in the Scroggins murder.   The defendant avers that Weakley's alleged sworn statement speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 34 that differ from, contradict, or otherwise are inconsistent with the contents of said statement.   The defendant denies all allegations contained in paragraph 34 not expressly admitted herein.

35.     The defendant avers that Carwile's alleged sworn statement speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 35 that differ from, contradict, or otherwise are inconsistent with the contents of said statement.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 35.

36.     With respect to the allegations contained in paragraph 36, the defendant admits only that the plaintiff was lawfully arrested for the Scroggins murder in approximately May 2000 and that at the time of the arrest, there was no physical evidence tying the plaintiff to the scene of the crime.  The defendant lacks knowledge and information sufficient to enable him to admit or deny whether Lt. Carter "rejected" the Commonwealth's theory of the crime.  The defendant denies all allegations contained in paragraph 36 not expressly admitted herein.

37.     With respect to the allegations contained in paragraph 37 of the Complaint, the defendant admits only that he accurately periodically advised his supervisors of the status of the investigation.  The defendant denies that he fed information about the crime scene to Weakley.  The defendant avers that the transcript of Close's testimony speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 37 that differ from, contradict, or otherwise are inconsistent with the contents of said transcript.  The defendant denies all allegations contained in paragraph 37 not expressly admitted herein.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, the defendant denies that Carwile ever voiced to him any concerns over the decision to arrest the plaintiff.  The defendant avers that the transcript of Carwile's testimony speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 38 that differ from, contradict, or otherwise are inconsistent with the contents of said transcript.  The defendant lacks

knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 38.

39.     The defendant avers that the transcript of Jenkins' testimony speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 39 that differ from, contradict, or otherwise are inconsistent with the contents of said transcript.  The defendant denies all allegations contained in paragraph 39 not expressly admitted herein.

40.     With respect to the allegations contained in paragraph 40 of the Complaint, the defendant admits only that the plaintiff was arrested on a charge of capital murder in connection with the death of Scroggins and that he was held in jail pending trial.  The defendant denies all allegations contained in paragraph 40 not expressly admitted herein.

41.     With respect to the allegations contained in paragraph 41 of the Complaint, the defendant admits only that after the plaintiff was arrested, he continued to lawfully and properly investigate the Scroggins murder.  The defendant denies all allegations contained in paragraph 41 not expressly admitted herein.

42.      With respect to the allegations contained in paragraph 42 of the Complaint, the defendant admits only that Billy Blithe's ("Blithe") name was mentioned at some point during the investigation.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 42.

43.     The defendant avers that the alleged sworn statement of Blithe speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 43 that differ from, contradict, or otherwise are inconsistent with the contents of said transcript.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 43.

44.     With respect to the allegations contained in paragraph 44 of the Complaint, the defendant admits only the plaintiff was held at the Culpeper Jail following his arrest.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 44.

45.     With respect to the allegations contained in paragraph 45 of the Complaint, the defendant denies that there was no credible evidence implicating the plaintiff in the Scroggins murder, and he denies that he participated in, or has any personal knowledge of, any scheme to transfer the plaintiff to the Albemarle-Charlottesville Regional Jail to be near Carter.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 45.

46.     The defendant avers that the sworn affidavit of Sheriff Hart speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 46 that differ from, contradict, or otherwise are inconsistent with the contents of said affidavit.  The defendant denies that he participated in, or has any personal knowledge of the circumstances surrounding, the decision to transfer the plaintiff to the Albemarle-Charlottesville Regional Jail.

47.     With respect to the allegations contained in paragraph 47 of the Complaint, the defendant admits only that the plaintiff was transferred to the Albemarle-Charlottesville Regional Jail and that Carter testified during the plaintiff's criminal trial.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 47.

48.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 48 of the Complaint.

49.     With respect to the allegations contained in paragraph 49 of the Complaint, the defendant admits only that Carter was being held at the Albemarle-Charlottesville Regional Jail in approximately May or June of 2000. The defendant avers that Carter's letter to his counsel speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 49 that differ from, contradict, or otherwise are inconsistent with the contents of said letter. The defendant denies all allegations contained in paragraph 49 not expressly admitted herein.

50.     With respect to the allegations contained in paragraph 50 of the Complaint, the defendant denies that he participated in, or has any personal knowledge of the circumstances surrounding, the decision to transfer the plaintiff to the Albemarle-Charlottesville Regional Jail. The defendant avers that the records on file with the Culpeper Jail and the transcript of Defendant Mary Dwyer's ("Dwyer") deposition speak for themselves, and the defendant denies any allegations and/or recitation contained in paragraph 50 that differ from, contradict, or otherwise are inconsistent with the contents of said records and transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 50.

51.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 51 of the Complaint.

52.     The defendant avers that the records on file with the Culpeper Jail and the transcript of Defendant Mary Dwyer's ("Dwyer") deposition speak for themselves, and the defendant denies any allegations and/or recitation contained in paragraph 52 that differ from, contradict, or otherwise are inconsistent with the contents of said records and transcript. The

defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 52.

53.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 53 of the Complaint.

54.     The defendant avers that the transcript of the record of the plaintiff's Federal habeas corpus proceeding speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 54 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 54.

55.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 55 of the Complaint.

56.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 56 of the Complaint.

57.     With respect to the allegations contained in paragraph 57 of the Complaint, the defendant admits only that during an interview of Carter, Carter stated that he had shared a cell block with the plaintiff at the Albemarle-Charlottesville Regional Jail, during which time the plaintiff made statements that implicated the plaintiff in the Scroggins murder and that Carter testified during the plaintiff's criminal trial.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 57.

58.     The defendant avers that Carter's letter to his counsel speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 58 that differ from, contradict, or otherwise are inconsistent with the content of said letter.   The defendant lacks

knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 58.

59.     With respect to the allegations contained in paragraph 59 of the Complaint, the defendant admits only that he and Jenkins traveled to the Albemarle-Charlottesville Regional Jail in June of 2000 to interview Carter at the direction of either their supervisor or the Office of the Commonwealth's Attorney; that they interviewed Carter for approximately 30 to 45 minutes; that during the interview, Carter stated that he had shared a cell block with the plaintiff at the Albemarle-Charlottesville Regional Jail, during which time the plaintiff made statements that implicated the plaintiff in the Scroggins murder; and that following the interview, Jenkins prepared a report for the investigation file. The defendant avers that Jenkins' report speaks for itself, and he denies any allegations and/or recitation contained in paragraph 59 that differ from, contradict, or otherwise are inconsistent with the content of said report. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 59.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, the defendant denies that he, or anyone else in his presence, ever made a "deal" with Carter in exchange for Carter's testimony at the plaintiff's criminal trial. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 60.

61.     The defendant avers that each of the various letters referenced in paragraph 61 speaks for itself, and he denies any allegations and/or recitation contained in paragraph 61 that differ from, contradict, or otherwise are inconsistent with the content of said letters. The defendant denies that he ever made a "deal" with Carter in exchange for Carter's testimony at the

plaintiff's criminal trial.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 61.

62.    With respect to the allegations contained in paragraph 62 of the Complaint, the defendant denies that he received any letter from Carter.  The defendant avers that the transcript of Jenkins' testimony speaks for itself, and he denies any allegations and/or recitation contained in paragraph 62 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 62.

63.    The defendant avers that the transcript of the record of the plaintiff's Federal habeas corpus proceeding speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 63 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant denies that he ever made a "deal" with Carter in exchange for Carter's testimony at the plaintiff's criminal trial.  The defendant denies all allegations contained in paragraph 63 not expressly admitted herein.

64.    With respect to the allegations contained in paragraph 64 of the Complaint, the defendant denies that he ever made a "deal" with Carter in exchange for Carter's testimony at the plaintiff's criminal trial.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 64.

65.    With respect to the allegations contained in paragraph 65 of the Complaint, the defendant admits only that he continued to lawfully and properly investigate the Scroggins murder.  The defendant denies all allegations contained in paragraph 65 not expressly admitted herein.

66.     With respect to the allegations contained in paragraph 66 of the Complaint, the defendant admits only that Tommy Lightfoot ("Lightfoot") was incarcerated in the Culpeper County Jail in 2001.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 66.

67.     The defendant lacks knowledge and information sufficient to enable him to admit or deny the allegations contained in paragraph 67 of the Complaint.

68.     The defendant avers that Jenkins' alleged report speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 68 that differ from, contradict, or otherwise are inconsistent with the content of said report.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 68.

69.     The defendant admits the allegations contained in paragraph 69 of the Complaint.

70.     The defendant admits the allegations contained in paragraph 70 of the Complaint.

71.     The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 71 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 71.

72.     The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 72 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant denies that he or anyone in his presence provided details of the crime to Weakley during the investigation or that he made a "deal" with Carter in exchange for Carter's

testimony at the plaintiff's criminal trial. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 72.

73. The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 73 that differ from, contradict, or otherwise are inconsistent with the content of said transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 73.

74. The defendant avers that the transcript of the record of the plaintiff's criminal trial and any statement given by Weakley after the criminal trial speak for themselves, and the defendant denies any allegations and/or recitation contained in paragraph 74 that differ from, contradict, or otherwise are inconsistent with the content of said transcript and statement. The defendant denies that he or anyone in his presence provided details of the crime to Weakley during the investigation or that he made a "deal" with Carter in exchange for Carter's testimony at the plaintiff's criminal trial. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 74.

75. The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 75 that differ from, contradict, or otherwise are inconsistent with the content of said transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 75.

76. The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 76 that differ from, contradict, or otherwise are inconsistent with the content of said

transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 76.

77. The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 77 that differ from, contradict, or otherwise are inconsistent with the content of said transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 77.

78. The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 78 that differ from, contradict, or otherwise are inconsistent with the content of said transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 78.

79. With respect to the allegations contained in paragraph 79 of the Complaint, the defendant admits only that the plaintiff was convicted of capital murder and was sentenced based upon the evidence presented at the criminal trial. The defendant denies all allegations contained in paragraph 79 not expressly admitted herein.

80. The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 80 that differ from, contradict, or otherwise are inconsistent with the content of said transcript. The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 80.

81. With respect to the allegations contained in paragraph 81 of the Complaint, the defendant admits only that Weakley was charged with capital murder and that the charge later

was reduced.  The defendant avers that the documents on file with the Clerk of the Circuit Court of Culpeper County speak for themselves as to the dates and times of proceedings in Weakley's case, the terms of any plea agreement in Weakley's case, and the length, and terms of, any sentence ultimately imposed by the court upon Weakley in that case.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 81.

82.     With respect to the allegations contained in paragraph 82 of the Complaint, the defendant admits only that the plaintiff was convicted based upon the evidence presented during the criminal trial.  The defendant denies that he made a "deal" with Carter or promised Carter any "reward" in exchange for Carter's testimony at the plaintiff's criminal trial.  The defendant denies all allegations contained in paragraph 82 not expressly admitted herein.

83.     The defendant avers that Jenkins' alleged letter to Carter speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 83 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 83.

84.     With respect to the allegations contained in paragraph 84 of the Complaint, the defendant admits only that in approximately July 2001, he testified as a witness at a Rule 35(b) motion hearing in relation to Carter, but only because Jenkins, who was supposed to have appeared for the hearing, was unable to appear due to a scheduling conflict, and thus, the defendant was asked to appear in Jenkins' place.  The defendant denies all allegations contained in paragraph 84 not expressly admitted herein.

85.    The defendant avers that the transcript of the record of the Rule 35(b) motion hearing speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 85 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant denies that he misrepresented anything to the Court during his testimony at the hearing.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 85.

86.    With respect to the allegations contained in paragraph 86 of the Complaint, the defendant admits only that the plaintiff filed a state habeas corpus petition and a Federal habeas corpus petition after exhausting his direct appeal of the criminal conviction.  The defendant denies the remaining allegations contained in paragraph 86.

87.    The defendant avers that Close's alleged sworn certification speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 87 that differ from, contradict, or otherwise are inconsistent with the content of said sworn certification.  The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 87.

88.    The defendant avers that the transcript of the record of the state habeas corpus proceedings speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 88 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant denies all allegations contained in paragraph 88 not expressly admitted herein.

89.    The defendant avers that the transcript of the record of the Federal habeas corpus proceedings speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 89 that differ from, contradict, or otherwise are inconsistent with the

content of said transcript.  The defendant denies all allegations contained in paragraph 89 not expressly admitted herein.

90.     With respect to the allegations contained in paragraph 90 of the Complaint, the defendant denies that he ever received a letter from Carter.   The defendant lacks knowledge and information sufficient to enable him to admit or deny the remaining allegations contained in paragraph 90.

91.     Upon information and belief, the defendant admits the allegations contained in paragraph 91 of the Complaint.

92.     Upon information and belief, the defendant admits the allegations contained in paragraph 92 of the Complaint.

93.     With respect to the allegations contained in paragraph 93 of the Complaint, the defendant admits only that this Court granted the plaintiff's petition and vacated the plaintiff's criminal conviction.  The defendant avers that the record of the Federal habeas corpus proceedings speaks for itself as to the reasons underlying this court's decision, and the defendant denies any allegations and/or recitation contained in paragraph 93 that differ from, contradict, or otherwise are inconsistent with the content of said record.   The defendant denies all allegations contained in paragraph 93 not expressly admitted herein.

94.     The defendant avers that the record of the Federal habeas corpus proceedings speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 94 that differ from, contradict, or otherwise are inconsistent with the content of said record.   The defendant denies all allegations contained in paragraph 94 not expressly admitted herein.

95.     The defendant avers that the record of the Federal habeas corpus proceedings speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 95 that differ from, contradict, or otherwise are inconsistent with the content of said record.   The defendant denies all allegations contained in paragraph 95 not expressly admitted herein.

96.     The defendant avers that the record of the Federal habeas corpus proceedings speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 96 that differ from, contradict, or otherwise are inconsistent with the content of said record.   The defendant denies all allegations contained in paragraph 96 not expressly admitted herein.

97.     Upon information and belief, the defendant admits the allegations contained in paragraph 97 of the Complaint.

98.     The defendant denies the allegations contained in paragraph 98 of the Complaint.

99.     The defendant denies the allegations contained in paragraph 99 of the Complaint.

100.     The defendant denies the allegations contained in paragraph 100 of the Complaint.

101.     The defendant denies the allegations contained in paragraph 101 of the Complaint.

## COUNT I

102.     The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 101, above.

103.     With respect to the allegations contained in paragraph 103 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein

a claim for damages predicated upon an alleged violation of the plaintiff's constitutional rights. The defendant denies all allegations contained in paragraph 103 not expressly admitted herein.

104.    The defendant avers that each of Jenkins' alleged statements under oath speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 104 that differ from, contradict, or otherwise are inconsistent with the content of said statements under oath.  The defendant denies all allegations contained in paragraph 104 not expressly admitted herein.

105.    The defendant denies the allegations contained in paragraph 105 of the Complaint.

106.    With respect to the allegations contained in paragraph 106 of the Complaint, the defendant admits only that this Court vacated the plaintiff's criminal conviction.  The defendant avers that the record of the Federal habeas corpus proceedings speaks for itself as to the reasons underlying this court's decision, and the defendant denies any allegations and/or recitation contained in paragraph 106 that differ from, contradict, or otherwise are inconsistent with the content of said record.   The defendant denies all allegations contained in paragraph 106 not expressly admitted herein.

**COUNT II**

107.    The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 106, above.

108.    With respect to the allegations contained in paragraph 108 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon an alleged violation of the plaintiff's constitutional rights. The defendant denies all allegations contained in paragraph 108 not expressly admitted herein.

109.     The defendant denies the allegations contained in paragraph 109 of the Complaint.

110.     With respect to the allegations contained in paragraph 110 of the Complaint, the defendant admits only that Weakley's testimony was part of the evidence presented at the plaintiff's criminal trial.   The defendant avers that the transcript of the record of the plaintiff's criminal trial speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 110 that differ from, contradict, or otherwise are inconsistent with the content of said transcript.  The defendant denies all allegations contained in paragraph 110 not expressly admitted herein.

111.     The defendant denies the allegations contained in paragraph 111 of the Complaint.

## COUNT III

112.     The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 111, above.

113.     With respect to the allegations contained in paragraph 113 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon an alleged violation of the plaintiff's constitutional rights. The defendant denies all allegations contained in paragraph 113 not expressly admitted herein.

114.     The defendant denies the allegations contained in paragraph 114 of the Complaint.

115.     With respect to the allegations contained in paragraph 115 of the Complaint, the defendant admits only that Carter's testimony was part of the evidence presented at the plaintiff's criminal trial. The defendant avers that the transcript of the record of the plaintiff's criminal trial

speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 115 that differ from, contradict, or otherwise are inconsistent with the content of said transcript. The defendant denies all allegations contained in paragraph 115 not expressly admitted herein.

116. The defendant denies the allegations contained in paragraph 116 of the Complaint.

117. The defendant denies the allegations contained in paragraph 117 of the Complaint.

## COUNT IV

118. The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 117, above.

119. With respect to the allegations contained in paragraph 119 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon an alleged violation of the plaintiff's constitutional rights. The defendant denies all allegations contained in paragraph 119 not expressly admitted herein.

120. The defendant denies the allegations contained in paragraph 120 of the Complaint.

121. The defendant denies the allegations contained in paragraph 121 of the Complaint.

122. The defendant denies the allegations contained in paragraph 122 of the Complaint.

123. The defendant denies the allegations contained in paragraph 123 of the Complaint.

124.     The defendant denies the allegations contained in paragraph 124 of the Complaint.

## COUNT V

125.     The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 124, above.

126.     With respect to the allegations contained in paragraph 126 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon an alleged conspiracy to violate the plaintiff's constitutional rights.  The defendant denies all allegations contained in paragraph 126 not expressly admitted herein.

127.     With respect to the allegations contained in paragraph 127 of the Complaint, the defendant denies that he engaged in any of the conduct attributed to him in paragraph 127, and he denies any personal knowledge of anyone else engaging in any of the conduct alleged in paragraph 127.  The defendant denies all allegations contained in paragraph 127 not expressly admitted herein.

128.     The defendant denies the allegations contained in paragraph 128 of the Complaint.

129.     The defendant denies the allegations contained in paragraph 129 of the Complaint.

## COUNT VI

130.     The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 129, above.

131.     With respect to the allegations contained in paragraph 131 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon an alleged violation of the plaintiff's constitutional rights. The defendant denies all allegations contained in paragraph 131 not expressly admitted herein.

132.     With respect to the allegations contained in paragraph 132 of the Complaint, the defendant denies that he engaged in any of the conduct attributed to him in paragraph 132, and he denies any personal knowledge of anyone else engaging in any of the conduct alleged in paragraph 132.  The defendant avers that the content of each document referenced in paragraph 132 speaks for itself, and the defendant denies any allegations and/or recitation contained in paragraph 132 that differ from, contradict, or otherwise are inconsistent with the contents of said documents.  The defendant denies all allegations contained in paragraph 132 not expressly admitted herein.

133.     The defendant denies the allegations contained in paragraph 133 of the Complaint.

134.     The defendant denies the allegations contained in paragraph 134 of the Complaint.

## COUNT VII

135.     The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 134, above.

136.     With respect to the allegations contained in paragraph 136 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon a common law state tort theory of malicious prosecution. The defendant denies all allegations contained in paragraph 136 not expressly admitted herein.

137.    With respect to the allegations contained in paragraph 137 of the Complaint, the defendant admits only that he participated in the lawful and proper investigation of the Scroggins murder which led to the plaintiff's arrest and conviction for that crime and that this Court subsequently vacated the plaintiff's conviction.    The defendant denies all allegations contained in paragraph 137 not expressly admitted herein.

## COUNT VIII

138.    The defendant incorporates by this reference, as if set forth fully herein, paragraphs 1 to 137, above.

139.    With respect to the allegations contained in paragraph 139 of the Complaint, the defendant admits only that the plaintiff attempts to assert against the defendant and others herein a claim for damages predicated upon a common law state tort theory of false imprisonment.  The defendant denies all allegations contained in paragraph 139 not expressly admitted herein.

140.    With respect to the allegations contained in paragraph 140 of the Complaint, the defendant admits only that he participated in the lawful and proper investigation of the Scroggins murder which led to the plaintiff's arrest, conviction, and incarceration for a period of time.    The defendant denies all allegations contained in paragraph 140 not expressly admitted herein.

141.    The defendant denies all allegations contained in the Complaint not expressly admitted herein.

## DEFENSES

142.    The defendant denies that the plaintiff is entitled to recovery from him any compensatory damages, punitive damages, attorney's fees, interest or costs, or any other sum whatsoever.

143.    The defendant denies that he violated any legal duty that he may have owed to the plaintiff.

144.    The defendant denies that he was guilty of any of the acts of negligence, gross negligence, recklessness, willful or wanton misconduct, deliberate indifference, and/or intentional misconduct, alleged in the Complaint, or that he otherwise committed any act or omission in conscious disregard of the plaintiff's rights.

145.    The defendant asserts that the plaintiff's claims are barred by the doctrine of good faith immunity.

146.    The defendant asserts that the plaintiff's claims under 42 U.S.C. § 1983 are barred by the doctrine of qualified immunity.

147.    The defendant asserts that the plaintiff's state law tort claims are barred by the doctrine of sovereign immunity.

148.    The defendant asserts that the plaintiff's state law tort claims are barred by the doctrine of qualified immunity.

149.    The defendant asserts that at all times, he acted lawfully and properly, in good faith and with probable cause to believe that the plaintiff had committed the crime with which he was charged and for which he was prosecuted, and thus, the plaintiff's state law tort claim for malicious prosecution is barred by applicable law.

150.    The defendant asserts that any restraint upon the plaintiff's liberty resulting from his being arrested and confined was justified and reasonable under the circumstances.

151.    The defendant asserts that, to the extent that the plaintiff suffered any of the injuries and damages alleged in the Complaint, those injuries and damages were caused by the

acts of third persons and/or circumstances over which the defendant no control, and thus, the plaintiff is not entitled to any recovery from him.

152.    The defendant asserts that the plaintiff's Complaint fails to state against him any claim upon which relief can be granted.

153.    The defendant reserves the right to rely upon, and to request leave to amend this Answer as may be necessary to assert, any and all affirmative or other defenses which may become applicable, up to and including the time of trial, should such be shown by the evidence adduced during discovery or trial.

154.    A trial by jury is demanded.

Respectfully submitted,

JAMES MACK

By /S/_____
                                    Counsel

Brian J. Brydges, Esquire
Virginia State Bar No 43883
JOHNSON, AYERS & MATTHEWS, P.L.C.
P. O. Box 2200
Roanoke, Virginia 24009
Telephone:    540-767-2042
Facsimile:    540-982-1552
Email:         bbrydges@jamlaw.net

        Counsel for Defendant James Mack

## CERTIFICATE OF SERVICE

I certify that on January 24, 2013, I electronically filed the foregoing Answer with the

Clerk of Court using the CM/ECF system, which will then send a notification of such filing to:

Matthew P. Bosher, Esquire
Johnathon E. Schronce, Esquire
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
       Counsel for Plaintiff

Kevin O. Barnard, Esquire
Frith, Anderson & Peake PC
P. O. Box 1240
Roanoke, VA 24006-1240
       Counsel for Defendants
       Mary Dwyer and
       Calvin Cave

James M. Bowling, IV, Esquire
St John Bowling Lawrence &
Quagliana LLP
416 Park Street
Charlottesville, VA 22902
       Counsel for Defendant
       Scott Jenkins

Elizabeth K. Dillon, Esquire
Guynn, Memmer & Dillon, PC
415 S. College Avenue
Salem, VA 24153
       Counsel for Defendant
       Gary Close

/S/_____
Brian J. Brydges
Virginia State Bar No 43883
JOHNSON, AYERS & MATTHEWS, P.L.C.
P. O. Box 2200
Roanoke, VA 24009
Telephone:    540-767-2042
Facsimile:    540-982-1552
Email:       bbrydges@jamlaw.net
       Counsel for Defendant James Mack